# EXHIBIT B

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## For The
## SOUTHERN DISTRICT of NEW YORK

| | |
|---|---|
| **Kreke Immobilien, KG,** )<br>For an Order to Conduct Discovery )<br>for Use in Foreign Proceedings )<br>*Petitioner* )<br>)<br>Seeking Discovery from )<br>)<br>**Deutsche Bank** )<br>*Respondent* ) | Civil Action No. |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION
## FOR USE IN A FOREIGN PROCEEDING

To: Deutsche Bank, 60 Wall Street, New York, NY 10005

__X__ *Testimony*: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
__SEE ATTACHMENT A__

| Place: | Date and Time: |
|---|---|
| TSG Reporting<br>747 Third Ave., NYC, NY 10017 | April 25, 9:30 a.m., or such time as<br>mutually agreed upon by counsel |

The deposition will be recorded by this method: __Stenographic and/or videorecording.__

____ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.
Date:

CLERK OF COURT

_____   OR   *Leif Simonson* (signature)
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **Kreke Immobilien KG,** who issues or requests this subpoena, are: Leif Simonson, 90 S. Seventh Street, Minneapolis MN 55402, leif.simonson@faegrebd.com, 612-766-7000

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ **!D21 Is Not In Table**

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

### DEFINITIONS

1. The phrase "POSSESSION, CARE, CUSTODY OR CONTROL" shall mean possession, care, custody or control, including constructive possession, such that the respondent need not have actual physical possession of the DOCUMENT or thing, so long as the respondent has a right or ability in practice to compel the production from a third party entity (including an agency, subsidiary, division, authority, or service provider) having physical possession of the item.

2. As used herein, the term "OPPENHEIM" shall mean and refer to Sal. Oppenheim jr & Cie. AG & Co. KGaA, including Oppenheim's members, officers, partners, directors, contractors, employees, servants, representatives, legal predecessors, agents, subsidiaries (in particular the Oppenheim-Esch Holding GbR and its subsidiaries), affiliates, consultants, attorneys, accountants, investigators, assigns, or any other person or entity acting, or purporting to act, on Oppenheim's behalf, either directly or indirectly.

3. As used herein, the term "DEUTSCHE BANK" shall mean and refer to Deutsche Bank AG, including Deutsche Bank's members, officers, partners, directors, contractors, employees, servants, representatives, agents, subsidiaries, affiliates, consultants, attorneys, accountants, investigators, assigns, or any other person or entity acting, or purporting to act, on Deutsche Bank's behalf, either directly or indirectly.

4. As used herein, the term "ESCH" shall mean and refer to Josef Esch, with business address Christian-Esch-Str. 2-4, 53844 Troisdorf, Germany, or any and all companies, firms, partnerships, or business entities owned by, controlled by, or affiliated with him.

5. As used herein, the term "OPPENHEIM-ESCH FUNDS" shall mean and refer to any and all German real-estate investment funds formed, financed, organized, managed, serviced or promoted, in whole or in part, by a combination of Oppenheim and Esch.

6. As used herein, the term "KREKE IM." shall mean and refer to Kreke Immobilien, KG, or its partnership members, Dr. Henning Kreke and Dr. Jörn Kreke.

## FEDERAL RULE 30(b)(6) DEPOSITION TOPICS

1.  The creation, promotion, offering for sale, sale, management or operation of any of the Oppenheim-Esch funds, including but not limited to the Köln-Ossendorf V GbR Fund, Potsdam Brandenburger Straße GbR Fund, and the Bürohäuser Köln Rheinhallen GbR Fund, from 2000 to the present, and Deutsche Bank's possession, care, custody or control of documents or communications relating to same.

2.  Deutsche Bank's analysis of any claims against, government investigations into, or prosecutions of Sal. Oppenheim or its directors, officers, employees or partners regarding the Oppenheim-Esch funds, and Deutsche Bank's possession, care, custody or control of documents or communications relating to same.

3.  Oppenheim's communication with and solicitation of investors or possible investors for the Oppenheim-Esch funds, including but not limited to its meetings or communications with Kreke Im. or any individual associated with Kreke Im., and Deutsche Bank's possession, care, custody or control of documents or communications relating to same.

4.  Oppenheim's selection of potential investors in the Oppenheim-Esch funds and Deutsche Bank's possession, care, custody or control of documents or communications relating to same.

5. Any internal analysis conducted by or for Sal. Oppenheim of costs, fees, profits, or performance of the Oppenheim-Esch funds (including but not limited to revenue from tenants, expenses for engineering and construction of buildings, and any remuneration owed to main contractors by Esch), and Deutsche Bank's possession, care, custody or control of documents or communications relating to same.

6. Risk disclosures made to investors in the Oppenheim-Esch funds, and Deutsche Bank's possession, care, custody or control of documents or communications relating to same.

7. Fees or other compensation received by Oppenheim in connection with the Oppenheim-Esch funds and Deutsche Bank's possession, care, custody or control of documents or communications relating to same.

8. Deutsche Bank's possession, care, custody or control of documents in the actual physical data room made available to Deutsche Bank, in connection with its acquisition of Sal. Oppenheim, relating to the Oppenheim-Esch funds.

9. Deutsche Bank's possession, care, custody or control of documents in the "virtual data room" made available to Deutsche Bank, in connection with its acquisition of Sal. Oppenheim, relating to the Oppenheim-Esch funds.

10. Any report received by Deutsche Bank or Sal. Oppenheim from PriceWaterhouseCoopers, Ernst & Young, or any other accounting firm regarding the Oppenheim-Esch funds, and Deutsche Bank's possession, care, custody or control of documents or communications relating to any such report.

11. Any report from German banking regulators, including the Federal Financial Supervisory Authority (known as BaFin) regarding any aspect of the Oppenheim-Esch funds,

and Deutsche Bank's possession, care, custody or control of documents or communications relating to any such German banking regulatory agency report.

12. Any dealings between Sal. Oppenheim and Josef Esch or any entity owned or controlled in whole or in part by Mr. Esch, relating to the creation, financing, management, or operation of the Köln-Ossendorf V GbR Fund, Potsdam Brandenburger Straße GbR Fund, and the Bürohäuser Köln Rheinhallen GbR Fund, from 2000 to the present, and Deutsche Bank's possession, care, custody or control of documents or communications relating to such dealings.

13. Any report or draft report prepared by the Freshfields law firm analyzing the Oppenheim-Esch funds and all documents reviewed in connection with such report or draft report, and Deutsche Bank's possession, care, custody or control of documents or communications relating to such report or draft report.

14. Compensation by any Oppenheim or Esch-related entity to tenants in any Oppenheim-Esch funds project, and Deutsche Bank's possession, care, custody or control of documents or communications relating to any such compensation.

15. Oppenheim's selection and solicitation of tenants for Oppenheim-Esch Fund projects, and Deutsche Bank's possession, care, custody or control of documents or communications relating to such selection and solicitation.

16. Any notes, minutes, reports, or other records, written or otherwise, of due diligence meetings or other meetings between Deutsche Bank and Oppenheim regarding the Oppenheim-Esch funds, and Deutsche Bank's possession, care, custody or control of documents or communications relating to such meetings regarding the Oppenheim-Esch funds.