# EXHIBIT C

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Kreke Immobilien, KG<br>*Petitioner* | )<br>)<br>)<br>)<br>)<br>) |

For an Order to
Conduct Discovery for
Use in a Foreign
Proceeding

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### IN A CIVIL ACTION FOR USE IN A FOREIGN PROCEEDING

To:  Deutsche Bank AG, 60 Wall Street, New York, NY

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following

documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

SEE ATTACHED EXHIBIT A

| Place:<br>    TSG Reporting<br>    747 Third Ave.<br>    NYC, NY 10017 | Date and Time:<br>Within 30 days of the date of service. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect,
measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e),
relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____ , 2013

*CLERK OF COURT*

OR _____

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          Kreke Immobilien KG

_____          , who issues or requests this subpoena, are:

Lief T. Simonson, FAEGRE BAKER DANIELS LLP,
2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402
Telephone: 612-766-7225; email: Robert.Schnell@faegrebd.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*                .

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                ; or

☐ I returned the subpoena unexecuted because:                .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$                .

My fees are $                for travel and $                for services, for a total of $                .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DOCUMENTS TO BE PRODUCED

## DEFINITIONS

1.    "And" includes the word "or" and vice-versa.

2.    "Any" includes the word "all" and vice-versa.

3.    As used herein, the terms "DOCUMENT" or "DOCUMENTS" shall include,

without limitation and to the broadest extent permissible by Federal Rule of Civil Procedure 34,

all COMMUNICATIONS in a tangible form, however produced, reproduced, or stored on any

electronic media, and shall include, but not be limited to, the following:  all records, memoranda,

reports, financial statements, handwritten and other notes, transcripts, papers, indices, letters,

envelopes, telegrams, cables, telex messages, tabulations, work papers, timesheets, statements,

summaries, opinions, journals, desk calendars, appointment books, diaries, magazines,

newspapers, booklets, circulars, bulletins, notices, instructions, manuals, notes or summaries of

telephone conversations or messages or other COMMUNICATIONS of any type, video

recording, photographs, tape or other recordings, punch cards, discs, data cells, drums, printouts,

and other data compilations from which information can be obtained, electronically-stored

information, correspondence, teletype messages, electronic mail, instant messages, internal

memoranda, agreements, diary entries, minute books, financial records, accounting records,

income tax returns, ledgers, journals, audits, receipts, canceled checks, check stubs, drafts and

other written, deeds, leases, mortgages, assignments, insurance policies, or other instruments

related to real or personal property printed or typed matter, diagrams, plans, pictures, travel,

entertainment, or expense records or reports or any other tangible thing that constitutes matter.

The term "DOCUMENT" and "DOCUMENTS" shall also mean originals and exact copies or

reproductions of all such written, printed, typed, recorded or graphic material or matter upon

which notations or markings in writing, print or otherwise have been made which do not appear in the originals.

4.     The term "COMMUNICATION(S)" shall mean the transmittal of any information by any method and includes all meetings, discussions, telephone conversations, contracts, letters, e-mails, memoranda, correspondence, reports, statements, consultations, negotiations, estimates, purchase orders and any DOCUMENT relating thereto.

5.     The phrase "RELATED TO" or "RELATING TO" shall mean in relation to, related to, consisting of, referring to, reflecting, concerning, containing, embodying, identifying, dealing with, mentioning, defining, explaining, monitoring, modifying, quoting, criticizing, describing, creating or maintaining, bearing upon, constituting a basis for, deriving from or arising from, discussing, evidencing, commenting on, supporting, contradicting or having any logical or factual connection with the matter identified, in whole or in part.

6.     The phrase "POSSESSION, CARE, CUSTODY OR CONTROL" shall mean possession, care, custody or control, including constructive possession, such that the respondent need not have actual physical possession of the DOCUMENT or thing, so long as the respondent has a right or ability in practice to compel the production from a third party entity (including an agency, subsidiary, division, authority, or service provider) having physical possession of the item.

7.     The term "PERSON" shall mean any individual, corporation, organization, association, partnership, enterprise, limited partnership, limited liability company, firm, joint venture, trustee, governmental body, agency, governing board, department or division, or any other entity.

8.     As used herein, the term "OPPENHEIM" shall mean and refer to Sal. Oppenheim jr & Cie. AG & Co. KGaA, including Oppenheim's members, officers, partners, directors, contractors, employees, servants, representatives, legal predecessors, agents, subsidiaries (in particular the Oppenheim-Esch Holding GbR and its subsidiaries), affiliates, consultants, attorneys, accountants, investigators, assigns, or any other person or entity acting, or purporting to act, on Oppenheim's behalf, either directly or indirectly.

9.     As used herein, the term "DEUTSCHE BANK" shall mean and refer to Deutsche Bank AG, including Deutsche Bank's members, officers, partners, directors, contractors, employees, servants, representatives, agents, subsidiaries, affiliates, consultants, attorneys, accountants, investigators, assigns, or any other person or entity acting, or purporting to act, on Deutsche Bank's behalf, either directly or indirectly.

10.    As used herein, the term "KREKE" shall mean and refer to Kreke Immobilien, KG, or its partnership members, Dr. Henning Kreke and Dr. Jörn Kreke.

11.    As used herein, the term "ESCH" shall mean and refer to Josef Esch, with business address Christian-Esch-Str. 2-4, 53844 Troisdorf, Germany, or any and all companies, firms, partnerships, or business entities owned by, controlled by, or affiliated with him.

12.    As used herein, the term "OPPENHEIM-ESCH FUNDS" shall mean and refer to any and all German real-estate investment funds formed, financed, organized, managed, serviced or promoted, in whole or in part, by a combination of Oppenheim and Esch.

13.    As used herein, the singular form of a word shall be interpreted to include the plural form and the plural form shall be interpreted to include the singular whenever appropriate in order to bring within the scope of this request any DOCUMENTS which might otherwise be considered to be beyond its scope.

14.    The term "INCLUDING" is used without limitation to items or topics not specifically listed. "INCLUDING" is intended to illustrate the kind of information responsive to each request herein. Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of the requests.

## INSTRUCTIONS

The following instructions shall govern the response and production of DOCUMENTS:

1.    Respondent shall furnish all requested documents in Respondent's possession, care, custody, or control at the time of production.

2.    In answering each discovery request, Respondent shall make a diligent search of Respondent's records and other papers and materials in Respondent's possession, custody, or control.

3.    In the event that any DOCUMENT called for by these Document Requests is withheld on the basis of a claim of privilege, that DOCUMENT is to be identified in a privilege log as follows:  author(s); addressee(s); indicated or blind copy recipient(s); date; subject matter; number of pages; attachments or appendices; all persons to whom distributed, shown or explained; the present custodian(s); the nature of the privilege asserted; and the circumstances that give rise to the privilege.

4.    In the event that any DOCUMENT called for by these Document Requests has been destroyed, discarded, otherwise disposed of, or no longer exists, that DOCUMENT is to be identified as completely as possible, including, without limitation, the following information: author(s); addressee(s); indicated or blind copy recipient(s); date; subject matter; date of

disposal; reason for disposal; PERSON authorizing the disposal; the PERSON disposing of the
DOCUMENT; and the last known location of the DOCUMENT.

5.      In the event that any information is redacted from a DOCUMENT produced
pursuant to these Document Requests, that information is to be identified and the basis upon
which such information is redacted should be fully stated.

6.      In the event that multiple copies or versions of a DOCUMENT exist, produce all
non-identical copies of the DOCUMENT, including any and all drafts of the DOCUMENT.

7.      All DOCUMENTS existing in electronic form shall be produced in electronic
form in a manner to preserve, without alteration or modification, all meta-data associated with
the electronic DOCUMENT, including without limitation extracted text.

8.      At the time and place of production of the DOCUMENTS requested herein, the
DOCUMENTS requested are to be produced in the same order as maintained in the ordinary
course of business.

9.      For each DOCUMENT produced, identify the specific Document Request
category to which it is responsive.

10.     As used herein, the singular form of a word shall be interpreted to include the
plural form and the plural form shall be interpreted to include the singular whenever appropriate
in order to bring within the scope of this request any DOCUMENTS which might otherwise be
considered to be beyond its scope.

11.     The Discovery Requests are ongoing. In the event that any DOCUMENTS or
materials come to the Respondent's attention or possession, custody, or control after the filing of
Respondent's responses hereto, which DOCUMENTS or materials are within the scope of any

request for production herein, said additional DOCUMENTS or materials shall be furnished to Movant's attorneys.

## DOCUMENTS TO BE PRODUCED BY DEUTSCHE BANK

1. All documents or communications relating to the creation, promotion, offering for sale, sale, management or operation of any of the Oppenheim-Esch funds, including but not limited to the Köln-Ossendorf V GbR Fund, the Potsdam Brandenburger Straße GbR Fund, and the Bürohäuser Köln Rheinhallen GbR Fund.

2. All documents or communications relating to any analysis by or for Deutsche Bank of any claims against, government investigations into, or prosecutions of Sal. Oppenheim or its directors, officers, employees or partners regarding any of the Oppenheim-Esch funds.

3. All documents or communications relating to any meetings or communications with or solicitations of investors or possible investors for any of the Oppenheim-Esch funds, including but not limited to meetings or communications with Kreke Im. or any individual associated with Kreke Im.

4. All documents or communications relating to Oppenheim's selection of potential investors in any of the Oppenheim-Esch funds.

5. All documents or communications relating to any internal analysis, conducted by or for Sal. Oppenheim, of costs, fees, profits, or performance of any of the Oppenheim-Esch funds, including but not limited to revenue from tenants, expenses for engineering and construction of buildings, and any remuneration owed to main contractors by Esch.

6. All documents or communications relating to the risk disclosures made to investors in the Oppenheim-Esch funds.

7. All documents or communications relating to the fees or other compensation received by Sal. Oppenheim in connection with the Oppenheim-Esch funds.

8. All documents in the actual physical data room made available to Deutsche Bank, in connection with its acquisition of Sal. Oppenheim, relating to the Oppenheim-Esch funds.

9. All documents in the "virtual data room" made available to Deutsche Bank, in connection with its acquisition of Sal. Oppenheim, relating to the Oppenheim-Esch funds.

10. Any report received by Deutsche Bank or Oppenheim from PriceWaterhouseCoopers, Ernst & Young, or any other accounting firm regarding the Oppenheim-Esch funds.

11. Any report from German banking regulators, including the Federal Financial Supervisory Authority (known as BaFin) regarding any aspect of the Oppenheim-Esch funds.

12. All documents or communications relating to any dealings between Oppenheim and Josef Esch or any entity owned or controlled in whole or in part by Mr. Esch, relating to the creation, financing, management, or operation of the Köln-Ossendorf V GbR Fund, the Potsdam Brandenburger Straße GbR Fund, and the Bürohäuser Köln Rheinhallen GbR Fund, from 2000 to the present.

13. Any report or draft report prepared by the Freshfields law firm analyzing the Oppenheim-Esch funds and all documents reviewed in connection with such report or draft report.

14. All documents or communications relating to compensation by any Oppenheim or Esch-related entity to tenants in any Oppenheim-Esch funds project.

15. All documents or communications relating to Oppenheim's selection and solicitation of tenants in any Oppenheim-Esch funds project.

16. Any notes, minutes, reports, or other records, written or otherwise, of due diligence meetings or other meetings between Deutsche Bank and Oppenheim regarding the Oppenheim-Esch funds.